UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| OSCAR MAGALLANES,<br><br>    Plaintiff,<br><br>v.<br><br>ADMON ADEEB NASSER,<br><br>    Defendant. | Case No. 2:26-cv-05276-SB-MAR<br><br><br>ORDER TO SHOW CAUSE |

Plaintiff Oscar Magallanes, who requires the use of a wheelchair while traveling in public, filed this suit alleging that Defendant's facilities impose physical barriers that impede his access, in violation of, *inter alia*, the Americans with Disabilities Act (ADA) and the Unruh Act.

Because Plaintiff's Unruh Act claim is closely related to his ADA claim, the Court has authority to exercise supplemental jurisdiction over the Unruh Act claim under 28 U.S.C. § 1367(a).  However, supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right," and district courts "can decline to exercise jurisdiction over pendent claims for a number of valid reasons." *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997) (internal quotation marks and citations omitted).  This discretion is codified in § 1367(c):

The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

1

(4) in exceptional circumstances, there are other compelling
reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

In a published decision, the Ninth Circuit explained that the California
Legislature's 2012 and 2015 amendments to the Unruh Act, which were intended
to protect businesses from abusive litigation by high-frequency litigants bringing
construction-related claims, had led to a surge of filings in federal courts of ADA
cases seeking statutory damages under the Unruh Act. *Arroyo v. Rosas*, 19 F.4th
1202 (9th Cir. 2021). The Ninth Circuit agreed with the district court that this shift
in filings from state courts to federal courts had circumvented the state legislature's
goals and "rendered [the new statutory requirements] largely toothless, because
they can now be readily evaded." *Id*. at 1213. The court explained that "retention
of supplemental jurisdiction over ADA-based Unruh Act claims threatens to
substantially thwart California's carefully crafted reforms in this area and to
deprive the state courts of their critical role in effectuating the policies underlying
those reforms." *Id*. Thus, the court held that these circumstances are
"exceptional" within the meaning of § 1367(c)(4) and therefore potentially
justified declining supplemental jurisdiction over the plaintiff's Unruh Act claim.
*See id*. ("The district court did not abuse its discretion in concluding that this
extraordinary situation threatens unusually significant damage to federal-state
comity and presents 'exceptional circumstances' within the meaning of
§ 1367(c)(4)."). However, because the district court had waited to decline
supplemental jurisdiction until after granting summary judgment on the plaintiff's
ADA claim, thereby effectively deciding the Unruh Act claim, the Ninth Circuit
reversed the court's decision to decline supplemental jurisdiction, holding that it
had waited too long to invoke the comity interest. *Id*. at 1215–17.

Unlike *Arroyo*, this case is still at a very early stage, and this Court has not
yet addressed or adjudicated the merits of any of Plaintiff's claims. This appears to
be a case in which the Court should decline supplemental jurisdiction over
Plaintiff's Unruh Act claim under § 1367(c)(4) to protect the comity interests
identified in *Arroyo*. Accordingly, the Court ORDERS Plaintiff within **14 days**
after entry of this Order to show cause in writing why the Court should not dismiss
without prejudice his Unruh Act claim under § 1367(c)(4). Plaintiff's response
must identify the amount of statutory damages Plaintiff seeks to recover and must
be supported by declarations, signed under penalty of perjury, providing all facts
necessary for the Court to determine if Plaintiff and his counsel satisfy the
definition of a "high-frequency litigant" as provided by Cal. Civ. Proc. Code

2

§ 425.55(b)(1)–(2).  If Plaintiff fails to file a response within 14 days after entry of this Order, the Court will decline to exercise supplemental jurisdiction over his Unruh Act claim, and the Unruh Act claim will be automatically dismissed without prejudice without further order of the Court.


Date: May 18, 2026                        _____

                                          Stanley Blumenfeld, Jr.
                                          United States District Judge